cided, without argument, that as there was an apparent jurisdiction on the face of the libel, and as no one appeared in opposition, they would take cognizance of the case, and thereupon decreed a sale.

---

SKILLINGER, The R. W. See Case No. 12,-181.

SKILTON, Ex parte. See Case No. 1,459.

SKILTON (CLARK v.). See Case No. 2,834.

SKINNER (GAMMELL v.). See Case No. 5,210.

SKINNER v. The LULU. See Case No. 8,-604.

---

## Case No. 12,924.

### SKINNER v. McCAFFREY.

[2 Cranch, C. C. 193.] [1]

Circuit Court, District of Columbia. Dec. Term, 1819.

JURY—FEES—JURISDICTIONAL AMOUNT.

If the verdict be below the jurisdiction of the court, the jury is not entitled to the fee of twelve shillings.
[Cited in Hellrigle v. Dulaney, Case No. 6,343.]

In an action of assumpsit, the jury brought in a verdict for thirteen dollars. This court has not jurisdiction in cases under twenty dollars, and therefore could not render a judgment. It became a question whether a jury was entitled to the fee of twelve shillings.

THE COURT refused to order either party to pay the fee.

---

SKINNER (POTTS v.). See Case No. 11,-348.

SKINNER (UNITED STATES v.). See Case No. 16,309.

SKIPWITH (SHORT v.). See Case No. 12,-809.

S. K. KIRBY, The (UNITED STATES v.). See Case No. 16,310.

---

## Case No. 12,925.

### SKOLFIELD v. POTTER et al.

[2 Ware (Dav. 392) 394; 7 N. Y. Leg. Obs. 238; 12 Law Rep. 115; 7 West. Law J. 346; 2 Am. Law J. (N. S.) 385.] [2]

District Court, D. Maine. June 9, 1849.

SEAMEN—WAGES—CONTRACT BETWEEN OWNER AND MASTER—FREIGHT—CARGO.

1. When a vessel is let to the master, to be employed by him, and he to pay to the owners a certain portion of her earnings, the owners will be liable to the seamen for their wages, though by agreement the master is to have the entire control of the vessel, to victual and man

---

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by Edward H. Daveis, Esq. 7 West. Law J. 346, contains only a partial report.]

---

her, and furnish supplies at his own expense; unless, at the time of shipping, this contract is made known to them, and they are informed that they are to look to the master as the only owner.
[Cited in Webb v. Peirce, Case No. 17,320; The Galloway C. Morris. Id. 5,204; The Horace E. Bell, Id. 6,702; The H. B. Foster, Id. 6,291; The Bowditch, Id. 1,717; The Montauk, Id. 9,717; The L. L. Lamb, 31 Fed. 33; Russell v. Rackett, 46 Fed. 201.]
[Cited in brief in Sims v. Howard, 40 Me. 277.]

2. The money that is paid over by the master, is paid as freight, and the owners as receivers, and having an interest in the freight, are liable to the seamen for their wages.
[Cited in McCarty v. The City of New Bedford, 4 Fed. 829.]

3. The freight is hypothecated for the wages, and every part of the freight is liable for the whole wages. The owners, who have received freight under such a contract with the master, are liable for wages to the full amount of the freight in their hands, and not merely pro rata in proportion to what they have received.
[Cited in Poland v. The Spartan, Case No. 11,246.]

4. The merchandise is bound to the ship for the freight, and the freight to the seamen for their wages.

5. When the owners of the ship are also the owners of the cargo, the cargo owes freight to the ship, and this freight is pledged for the wages.
[Cited in Story v. Russell, 157 Mass. 157, 31 N. E. 754.]

6. The decision in the case Poland v. The Spartan [Case No. 11,246] reviewed and affirmed.

This was a libel in personam against the owners of the schooner Arrowsic, for seamen's wages. The libellant shipped at the port of Bath, as mate, on the 22d of September, 1848, on a general trading voyage, and continued on board, and did duty as mate of the vessel, in several voyages, two of which were to foreign ports, until the return of the vessel to Bath, on the second of May following. On his discharge, the master delivered to him a barrel of flour, part of the cargo belonging to the owners, and gave him an order on the owners for the balance of his wages due, amounting to $128, including the flour. The owners paid him $25 on the presentment of the order, and promised to pay him the residue in a few days. But after calling on them several times, and being put off from time to time, he sued out a libel. The owners, in their answer, not denying that the services have been rendered, set forth a defensive allegation, denying their liability for the wages. The defense relied upon is, that the vessel was let to the master on a verbal agreement; under which he was to have the use and control of the vessel, to employ her as he should choose, to victual and man her at his own charge, and to pay the owners for the use and charter of the vessel [one-half of her gross earnings, deducting] [2]

---

2 [From 7 N. Y. Leg. Obs. 238.]